IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER LEE OSTERLOTH,<br><br>Defendant. | Cause No. CR 06-10-H-DWM<br><br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on a motion under 18 U.S.C. § 3582(c)(2) and Amendments 782 and 788 to the United States Sentencing Guidelines, recharacterized as a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. The § 3582 motion was denied on December 15, 2014, but within the motion, Defendant Osterloth also contended that he should be entitled to relief under the Supreme Court's decision in *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276 (2013). *See* Mot. to Reduce Sentence (Doc. 103) at 2.

Pursuant to *Castro v. United States*, 540 U.S. 375, 383 (2003), Osterloth was given notice of the impending recharacterization of part of his § 3582 motion as a motion under 28 U.S.C. § 2255 and an opportunity to bring any additional claims he wanted the Court to consider. Notice and Order (Doc. 106) at 1. He responded on January 20, 2015, by agreeing to recharacterization. Resp. to Order (Doc. 116).

*Descamps*, however, plays no role in Osterloth's sentence. Osterloth was

1

subject to a mandatory life sentence based on the amount of methamphetamine for which he was responsible and on his three prior convictions for felony drug offenses in the State of Washington. *See* Am. § 851 Information (Doc. 32) at 1-2; Presentence Report ¶¶ 40, 41, 43; 21 U.S.C. §§ 841(b)(1)(A) & (viii), 851(a)(1).

The United States Code defines what constitutes a "prior conviction for a felony drug offense":

> The term "felony drug offense" means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances.

21 U.S.C. § 802(44). Thus, to determine whether a prior conviction counts as a "prior conviction for a felony drug offense" and so subjects a defendant to an enhanced penalty under 21 U.S.C. § 841(b)(1)(A), a court simply looks at the definition in § 802(44) and the statute under which the defendant was convicted.

*Descamps* involved a significantly more complicated question concerning "categorical" or "modified categorical" analysis of the elements the prosecution was required to prove beyond reasonable doubt in order to obtain whatever previous conviction is in question. *See Descamps*, 133 S. Ct. at 2283-86. Osterloth's case did not require categorical or modified categorical analysis.

Any state offense "that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances" counts

as a drug offense, and if the offense may be punished by imprisonment for more than one year, the offense is a felony drug offense. All three of Osterloth's three convictions in Washington were felony drug offenses. *See* Rev. Code Wash. § 69.50.401; *see also, e.g.*, Exs. to Am. § 851 Information (Doc. 32-1 at 3 ¶ 2.3, 16 ¶2.3, 28 ¶ 2.3) (showing maximum terms of ten years on the first conviction and five years on the second and third convictions). Because Osterloth was responsible for at least 500 grams of a mixture or substance containing methamphetamine and had at least two prior felony drug convictions, he was subject to a mandatory sentence of life in prison. *Descamps* provides no basis for relief.

Nor does *Alleyne v. United States*, __ U.S. __, 133 S. Ct. 2151 (2013), apply to Osterloth's case.[1] Osterloth admitted he was responsible for at least 500 grams of methamphetamine, which satisfies *Alleyne*, 133 S. Ct. at 2155, and *Apprendi v. New Jersey*, 530 U.S. 466, 483 n.10 (2000). And, as *Alleyne* reconfirmed, criminal history need not be proved to a jury at all. *See Alleyne*, 133 S. Ct. at 2160 n.1 (citing *Almendarez-Torres v. United States*, 523 U.S. 224 (1998)).

A certificate of appealability is not warranted. Osterloth makes no showing that he was deprived of a constitutional right. 28 U.S.C. § 2253(c)(2). Reasonable jurists would not find that either *Descamps* or *Alleyne* has any bearing on

---

[1] The Court considers this case because it has noted some confusion among federal prisoners as to the application of *Descamps* and *Alleyne* together. Both cases concern federal sentencing, and they were issued three days apart in the same Term.

defendants, like Osterloth, whose sentences were based on drug quantity and prior felony drug convictions as defined by 21 U.S.C. § 802. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Osterloth's motion under 18 U.S.C. § 3582(c)(2) (Doc. 103) is RECHARACTERIZED as, in part, a motion under 28 U.S.C. § 2255;

2. So recharacterized, the motion is DENIED.

3. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Osterloth files a Notice of Appeal;

4. The Clerk of Court shall ensure that all pending motions in this case and in the civil file are terminated and shall close the civil file by entering judgment in favor of the United States and against Osterloth.

DATED this 18th day of May, 2015.

Donald W. Molloy
United States District Court